IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TOTARO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAWRENCE LIVERMORE NATIONAL SECURITY, LLC,<br><br>　　　　　Defendant. | Case No.: C-11-5446 PJH (JSC)<br><br>**ORDER RE: PROTECTIVE ORDER** |

　　　Now pending before the Court is the parties' dispute about an appropriate protective order to govern the production of confidential information. (Dkt. No. 33.) Plaintiff seeks entry of the Northern District's standard protective order which does not include an "attorneys' eyes only" provision while Defendant seeks the ability to designate certain discovery as "attorneys' eyes only." Upon review of the parties' joint statement, and in light of the sensitive nature of much of Defendant's business, the Court concludes that entry of the protective order with an "attorneys' eyes only" provision is appropriate.

　　　The entry of the protective order, however, does not mean that Defendant's view of what constitutes "highly confidential" information is necessarily correct. The protective order defines highly confidential—attorneys' eyes only information as "extremely sensitive"

"disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Dkt. No. 33 Ex. B ¶ 2.8.) Pursuant to the protective order, should Defendant designate salary and similar information about non-employees, or any other information, as subject to the attorneys' eyes only provision, and should Plaintiff challenge such designation, Defendant will bear the burden of proving to this Court that the designation is appropriate. (Id. ¶ 6.)   Such dispute may be brought to the Court's attention via joint statement, pursuant to the Court's Standing Order.

**IT IS SO ORDERED.**

Dated:  March 20, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE